# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS L. BURROUGHS,<br><br>Defendant. | Case No. 1:17-mj-00107-SAB<br><br>ORDER GRANTING IN PART GOVERNMENT'S REQUEST FOR RESTITUTION<br><br>(ECF No. 18, 21 |

## I.

## BACKGROUND

On April 28, 2017, a vehicle was discovered stuck in a meadow within the boundaries of the Sierra National Forest. (Citation 2, ECF No. 1.) Upon running a check of the license on the vehicle it was discovered to be registered to Defendant Cyrus L. Burroughs. (Id.) The area was patrolled to observe who came to collect the vehicle. (Id.)

The following day at approximately 11:40 a.m., a male subject was observed on a motorcycle coming to retrieve the vehicle. (Id.) The individual, identified as Jacob Davidson, stated that he was not the driver of the vehicle, but had been sent by his employer, Defendant Burroughs, to retrieve the vehicle. (Id.) While Davidson was filling in the ruts in the meadow, he told the ranger that Burroughs was not supposed to be driving, but liked to drink and will not stop driving. (Id.)

On April 30, 2017, Defendant Burroughs sent the ranger a text in which he apologized for driving in the meadow and said that he thought it was a regular road. (Id.) Defendant Burroughs met with the ranger the following day and said that he was driving on what he thought was a jeep trail and that the road curved, but as he continued on the "road" he sank in the meadow and his jeep got stuck. (Id.) Defendant Burroughs also stated that he knew his driver's license had been suspended/revoked and that he cannot drive. (Id.) Defendant Burroughs was cited for Operating a Motor Vehicle Off Road that is Not Designated to Drive On in violation of 36 C.F.R. § 261.13; Driving in a Manner Which Damages or Unreasonably Disturbs the Land, Wildlife or Vegetative Resources in violation of 36 C.F.R. § 261.15(h); and Operating a Vehicle in Violation of Order in violation of 36 C.F.R. § 261.54(d) and California Vehicle Code § 14601.2(b). (ECF No. 1.)

Defendant failed to appear for arraignment on the citations on June 15, 2017, and an arrest warrant issued on June 21, 2017. (ECF Nos. 8, 9, 10.) A complaint was filed on June 29, 2017, charging Defendant with Operating a Vehicle in Violation of Order in violation of 36 C.F.R. § 261.54(d) and California Vehicle Code § 14601.2(b), Operating a Motor Vehicle Off Road that is Not Designated to Drive On in violation of 36 C.F.R. § 261.13; and Driving in a Manner Which Damages or Unreasonably Disturbs the Land, Wildlife or Vegetative Resources in violation of 36 C.F.R. § 261.15(h). (ECF No. 11.) An arrest warrant issued on June 29, 2017. (ECF No. 13.)

On January 31, 2018, Defendant appeared in custody, and plead guilty to all three counts. (ECF No. 15.) He was sentenced to one day in custody with credit for time served, one year of unsupervised probation with all standard terms and conditions, and a $30.00 processing fee and $10.00 special assessment fee for each count. (ECF No. 15.) A restitution hearing was set for May 1, 2018. (Id.)

On February 27, 2018, the Government filed a memorandum seeking restitution. (ECF No. 18.) On March 1, 2018, defense counsel informed the Court that Defendant was unable to appear because he was in the custody of Madera County and the parties were trying to resolve the issue. (ECF No. 19.) The hearing was continued to April 20, 2018. (Id.)

A restitution hearing was held on April 20, 2018. (ECF No. 20.) Counsel Darin Rock was present for the Government and counsel Linden Lindahl was present for Defendant. The

Government presented the testimony of Melissa Wise and Denise Tolmie and Exhibits A, B, and N were received in evidence. (Id.) After hearing testimony from the witnesses, the parties were ordered to brief the issue of whether restitution should be ordered for permanent or temporary barriers to protect the meadow from further damage and the need for a botanist to monitor the meadow for an additional year. (Id.)

The Government filed supplemental briefing on May 11, 2018. (ECF No. 21.) The restitution hearing continued on May 29, 2018. Counsel Michael Tierney appeared for the Government and counsel Linden Lindahl appeared for Defendant.

## II.

## LEGAL STANDARD

Section 3561 of Title 18 of the United States Code provides that a defendant who has been found guilty of an offense may be sentenced to a term of probation. 18 U.S.C. § 3561(a). Pursuant to section 3563 of Title 18 of the United States Code, the Court shall order restitution to the victim of an offense as a condition of probation. 18 U.S.C. § 3653(a)(6)(A). Section 3653(a)(6)(A) applies to all offenses, not just those offenses to which the Victim Witness Protection Act and the Mandatory Victims Restitution Act apply. United States v. Batson, 608 F.3d 630, 633 (9th Cir. 2010). Under 18 U.S.C. 3653(b), restitution may be ordered for a violation of the Code of Federal Regulations. United States v. Nachtigal, 507 U.S. 1, 5 n.1 (1993).

"[T]he government has the burden of establishing by a preponderance of the evidence that the victim's damages were caused by the conduct of which the defendant was convicted." United States v. Rice, 38 F.3d 1536, 1540 (9th Cir. 1994). The "[d]efendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct." United States v. Gamma Tech Indus., Inc., 265 F.3d 917, 928 (9th Cir. 2001).

// /

## III.

## DISCUSSION

The Government seeks an order for Defendant to pay restitution in the amount of

$16,750.00 to the United States Forest Service ("USFS") for the damage caused by Defendant to the meadow, to place a barrier to prevent further damage to the meadow, and for a botanist to monitor the meadow. Defendant has not filed an opposition to the request for restitution.

The restitution sought is to assess and repair the damage caused to the meadow due Defendant driving his vehicle off the roadway. Defendant driving into the meadow caused damage to the land and tire tracks were left in the ground. Evidence was presented at the hearing that other drivers have followed the tire tracks into the meadow and, prior to Defendant driving into the meadow, there had been no other incidents of vehicles driving into the meadow. The restitution sought here is directly related to Defendant's conduct of driving his vehicle off the roadway and into the meadow. Further, the evidence presented demonstrates that other drivers' actions in driving into the meadow are directly caused by the tire tracks left by Defendant's vehicle entering the meadow.

Here, the Government seeks $4,410.00 for the costs of a field crew, hydrologist, archaeologist, botanist, and vehicle (gas and mileage). (Exhibit A.) These costs are directly related to the Government's efforts to assess and remediate the damage caused by Defendant driving into the meadow and are recoverable as restitution. United States v. Phillips, 367 F.3d 846, 863 (9th Cir. 2004); see also United States v. Barton, 366 F.3d 1160, 1167 (10th Cir. 2004) (costs for remediating damage to forest caused by defendant's conduct are properly awarded as restitution). Defendant does not object to these costs as restitution and the Court shall grant this request for costs.

The parties dispute whether restitution should be awarded for the cost of a barrier to prevent other drivers from entering the meadow and reimbursement of a botanist to monitor the meadow for invasive species of a weed. Since Defendant drove into the meadow there is evidence of additional tire tracks leading into the meadow that were not previously present. The resource specialists have all recommended that barriers be spaced every 3 feet along a distance of approximately 200 feet, parallel to the Minarets Highway, to complete the remediation and to prevent future entry into this seasonally fragile site. (Exhibit A.) The Government seeks to erect a permanent barrier to prevent other drivers from continuing to follow the tracks left by Defendant

into the meadow to protect the meadow from invasive or opportunistic species that could directly or indirectly alter the habitat. The Government requests $13,000.00 to place "Dead Man Barriers" which would be the most difficult to remove or avoid. As an alternative, boulders could be used as a barrier which is a lower cost method of protecting the meadow. The cost of using boulders as a barrier would be $3,000.00. The final option would be the use of temporary fencing which would cost $411.95. The USFS concluded that temporary fencing would not be effective in protecting the meadow since it is so easily removed. Past experience shows that drivers wishing to enter the meadow would simply pull the fencing out of the ground to enter.

Based upon the unrefuted evidence that other drivers are following the tracks that Defendant created in the meadow, the Court finds that the use of a permanent barrier is necessary to protect the seasonally fragile meadow from further damage. The need for a barrier to prevent other individuals from following the tracks into the meadow is a "direct and foreseeable" result of Defendant's conduct. Phillips, 367 F.3d at 863. Upon consideration of the alternatives presented by the Government, the Court finds that the use of boulders to erect a permanent barrier is reasonable to prevent other drivers from entering the meadow. The Court shall award restitution of $3,000.00 to erect a barrier of boulders parallel to the Minarets Highway.

The Government also seeks $380.00 to have a botanist monitor the meadow for another year to ensure that non-native plants were not introduced when Defendant drove his vehicle into the meadow. If non-native plants have been introduced into the meadow they will have to be pulled out by hand as part of the rehabilitation work. This monitoring would need to occur in the fall, winter, and spring of 2018-19. The Government contends that a second visit by the botanist is needed to ensure that no new non-native plants have germinated and that no new plants have entered the site since the incident. The Court finds that the request for a second monitoring by the botanist is too attenuated from Defendant's conduct to be a foreseeable expense. The request for a second visit from the botanist is denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Government's request for restitution is GRANTED IN PART;

2. Defendant Burroughs shall pay restitution in the amount of $7,410.00 to the United

| | | |
|---|---|---|
| 1 | | States Forest Service, due immediately; |
| 2 | 3. | The payment shall **clearly identify the name and number assigned to this action**, |
| 3 | | and shall be submitted to the Clerk of the Court at: |

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, California 93721

Payments made by check or money order are to be made payable to the Clerk of the Court;

4. The Clerk of the Court shall forward payments made to the United States Forest Service; and

5. The Clerk of the Court is directed to amend the judgment to include restitution.

IT IS SO ORDERED.

Dated: **June 1, 2018**

_____
UNITED STATES MAGISTRATE JUDGE